ROSALINA RODRÍGUEZ DE LAUSELL, as attorney in fact of JOSÉ RIVERA RIVERA, Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, WILFRIDO ROBERTS, JUDGE, Respondent.

No. C-65-74.      Decided June 24, 1966.

*Norman A. Pardo* for petitioners.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

In her petition before us petitioner alleges that she obtained judgment by default against the unknown holders of a mortgage note which she paid but has lost. Since the judgment directs the Registrar of Property to cancel by means of marginal entry, the mortgage executed to secure the said note, for the purpose of giving effect to this determination, the petitioner requested from the clerk of the trial court a certificate that no petition for appeal or review had been filed in the case, wherefore the judgment was final and unappealable. The clerk of the court refused to comply, whereupon petitioner filed a motion with the court praying for an order to the clerk to issue such certificate. The court denied the motion.

In support of her petition before us she alleges that the trial court erred in refusing to order the issuance of the certificate, since in order for the judgment to become final and unappealable it was not necessary to serve notice on the unknown defendants. In support of this contention

she argues that according to the provisions of Rules Nos. 65.3 and 67.2 of the Rules of Civil Procedure, it is not necessary to serve notice of the judgments on the parties in default for failure to appear; that Rule 4.2 of the Rules of Civil Procedure requires that it be set forth in the summons that if defendant fails to answer within the prescribed term, judgment by default may be rendered, and that as of such warning "begins to run the term within which defendant may begin to take steps to defend himself in the action against him, and it is in that event when a defendant is bound to show any interest in the action, otherwise he runs the risk that judgment be rendered, and if he intends to appeal therefrom, to check with the clerk of the court on the date of entry in the record of the notice to plaintiff, at which time, in our opinion, and in accordance with Rule 65.3 in relation with Rule 67.1, the term of 30 days to appeal therefrom begins to run."

There is no question that petitioner would be right if the present Rule would read as did Rule 77 (d) of the former Rules of Civil Procedure. This Rule provided that:

"Immediately upon the entry of an order or judgment the *clerk shall serve a notice* of the entry by mail in the manner provided for in Rule 5 *upon every party affected thereby who is not in default for failure to appear,* and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers." (Italics ours.)

The present Rule 65.3 of the Rules of Civil Procedure, which substituted the Rule copied above, reads as follows:

"Immediately upon the entry of copy of an order or judgment the clerk shall serve a notice by mail in the manner provided for in Rule 67 upon every party affected thereby, and shall make a note of the mailing of the notice in the Docket of Actions. Such mailing is sufficient notice for all purposes for which notice

of the entry of an order or judgment is required by these rules."

It should be noticed that the new wording omitted the exception which established that it was not necessary to serve notice of the judgment rendered *upon every party affected thereby*. Undoubtedly, it was omitted in order to meet the requirements in cases of judgments by default of the provisions of Rule 53 of the Rules of Civil Procedure, in order to fix the 30-day term for filing the notice of appeal or the petition for review. *Cf. Valiente & Co.* v. *Heirs of Fuentes*, 51 P.R.R. 317, 321 (1937). There was also omitted the optional manner prescribed in the former Rule 5 of the Rules of Civil Procedure of 1943, which at present corresponds to Rule 67 of the Rules of Civil Procedure of 1958, and which, as it will be seen from the wording which we copy below, retains the exception that no service need be made on the parties, in default for failure to appear, of every order required by its terms to be served, every pleading subsequent to the original complaint, or motion other than one which may be heard *ex parte*.

*Rule 67.1*

"Every order required by its terms to be served, every pleading subsequent to the original complaint, unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, shall be served upon each of the parties affected thereby. No service need be made on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4."

*Rule 67.2*

"Whenever a party has appeared, represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address, or, if no address is known, by leaving it with the clerk of the court.

Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing."

*Rule 67.3*

"In any action in which there are unusually large numbers of defendants, the court, upon motion or of its own initiative, may order that service of the pleadings of the defendants and replies thereto need not be made as between the defendants, and that any cross-claim, counterclaim or matter constituting an avoidance or affirmative defense contained therein shall be deemed to be denied or avoided by all other parties, and that the filing with the clerk of any such pleading and service thereof upon the plaintiff constitutes due notice of it to all the parties. A copy of every such order shall be served upon the parties in such manner as the court directs."

■■ It is evident, therefore, that the parties in default for failure to appear are not exempted from the benefit of notice of an order or judgment established by Rule 65.3, as they are by Rule 67.1, which exempts these parties from the benefit of notice of specific orders, pleadings, and motions. It is also unquestionable that the order referred to in Rule 65.3 is not of the same nature as that covered by Rule 67.1. The order to which Rule 65.3 refers is necessarily an order whereby a question at issue, or respecting rights or claims of the parties, is adjudicated. The orders referred to in Rule 67.1 are not necessarily of this nature. The fact that Rule 65.3 provides that notice of the order or judgment be made in the manner provided in Rule 67, does not mean that Rules 65.3 and 67.1 refer to orders of the same nature, but merely that the notice required by Rule 65.3 be made in the manner provided in Rule 67.2.

Having decided that it is a requisite to serve notice of the judgment on the party affected thereby even if "he is in default for failure to appear," we must determine the procedure to be followed whenever the defendants are unknown and have for that reason been summoned by publication, as required by Rule 4.6 of the Rules of Civil Procedure, which to that effect provides:

"If the defendants are unknown, service shall be made by publication pursuant to Rule 4.5, complying substantially as much as possible with those provisions, and it shall not be necessary to make a negative return or to issue a summons directed to such defendants."

■ Since the Rules of Civil Procedure do not prescribe the procedure to be followed in cases such as this, we remand the case to the trial court in order that it may determine how notice shall be made, pursuant to the prevailing usual practice. (Rule 71 of the Rules of Civil Procedure.)[1]

The writ issued will be quashed and the case remanded to the Superior Court, San Juan Part, for further proceedings not inconsistent with the terms of this opinion.

---

[1] Rule 71 of the Rules of Civil Procedure provides:

"Where no specific proceeding has been provided for in these rules, the court may regulate its practice in any manner not inconsistent therewith or with any applicable legal provision."

On May 20, 1966, this Court adopted, and on the 26th of that month and year transmitted to the Legislative Assembly, the following Rule amendatory of Rule 65.3 of the Rules of Civil Procedure:

"(a) Immediately upon the entry in the record of copy of an order or judgment, the clerk shall serve notice thereof on all parties affected by the order or judgment who may have appeared in the action, in the manner provided in Rule 67.2. Such mailing shall be sufficient notice for all purposes for which notice of the entry of an order or judgment is required by these Rules.

"(b) The clerk shall serve notice of the entry of an order or judgment on the parties in default for failure to appear by sending them, if their identity be known, a copy of the notice to the address appearing from the service of process, and, if their identity be unknown or appear under a fictitious name for the purposes of the prosecution of the action, by publishing a copy of the notice in a newspaper of general circulation,

once a week, during two consecutive weeks. The notice shall be considered served on the date of the last publication.

"(c) The clerk shall set forth on the back of the copy of the proof of service which he may attach to the original record the date and the manner in which the notice was served and the person or persons notified.

"If the notice be served personally, there shall be attached to the record the marshal's return or of the employee of the court serving such notice, or the affidavit of the private person verifying the service."